IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARIE G. BROWN, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 3:22-cv-577-JTA |
| | )         (WO) |
| MARTIN J. O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), the claimant, Marie G. Brown ("Brown") brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Brown's applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court construes Brown's brief in support of her Complaint (Doc. No. 12) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint as a motion for summary judgment (Doc. No. 15). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).

---

[1] Martin J. O'Malley was appointed Commissioner for the Social Security Administration on December 20, 2023 and is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

After careful scrutiny of the record and the motions submitted by the parties, the Court finds that Brown's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.    PROCEDURAL HISTORY AND FACTS[3]

Brown is a middle-aged female[4] with an eleventh-grade education who previously worked as a toll operator, hand packager and general inspector. (R. 24, 39, 42, 47-48, 67, 290.) She alleged a disability onset date of March 15, 2018, due to hypertension, gastroesophageal reflux disease and arthritis in her legs, back, feet and left shoulder. (R. 276, 289.) She later amended the disability onset date to March 6, 2019. (R 38.)

In April 2020, Brown protectively filed applications for a period of disability and DIB under Title II of the Social Security Act and for SSI under Title XVI of the Social Security Act. Following the administrative hearing, the Administrative Law Judge ("ALJ") returned an unfavorable decision on December 20, 2021. (R. 12-31.) Brown sought review by the Appeals Council, and it denied her request. (R. 1-6.) Thus, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

On September 27, 2022, Brown filed this civil action for judicial review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 12, 15.) This matter is ripe for review.

---

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 16.)

[4] Brown was 52 years old at the time of the administrative hearing. (R. 34, 47.)

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner

for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.     STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB and SSI must prove that she is disabled.[5] *See* 20 C.F.R. § 404.1505; 20 C.F.R. § 416.920. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by an ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that

---

[5] Although DIB and SSI are separate programs, the standards for determining disability are identical. *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Brown met the insured status requirements of the Social Security Act through September 30, 2023,

but had not engaged in substantial gainful activity since March 15, 2018. (R. 17.) The ALJ determined that Brown suffers from the following severe impairments that significantly limit her ability to perform basic work activities: obesity, osteoarthritis and allied disorders and depressive disorder. (R. 18.) The ALJ also determined that Brown had the non-severe impairments of gastroesophageal reflux disease and hearing loss in her right ear. (R. 18.)

The ALJ concluded that Brown's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18.) The ALJ determined that "[a] review of the record reveals no evidence to support a finding that [Brown's] impairments meet or medically equal listing 1.18 or any other applicable listing [and] … no opinion of an acceptable medical source designated by the Commissioner exists in the record to support a listing being equaled as required by regulation (20 CFR 404.1526 and 416.926)." (R. 18.) The ALJ considered Brown's obesity under Social Security Ruling ("SSR") 19-2p and determined that it "does not have a sufficient detrimental effect on [her] ability to perform routine movement and necessary physical activity within the work environment." (R. 18.) The ALJ further determined that Brown's mental impairment does not meet or medically equal the criteria of listing 12.04 because Brown has only mild or moderate limitations. (R. 18-19.)

After consideration of the entire record, the ALJ determined that Brown retains the RFC to perform a reduced range of light work as defined in 20 C.F.R. § 404.1567(b)[6] and 20 C.F.R. § 416.967(b).

---

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in

> [Brown] can lift and/or carry 20 pounds occasionally, 10 pounds frequently. She can sit, with normal breaks, for a total of 6 hours per 8-hour workday, but can only stand and/or walk, even with normal breaks, for a total of just 4 hours per 8-hour workday. She can occasionally push and/or pull with bilateral lower extremities. In terms of postural limits, she can never climb ladders, ropes, or scaffolds, kneel, or crawl; but she can occasionally climb ramps and stairs, stoop, and crouch; she can frequently balance. In terms of manipulative limitations, [Brown] can frequently reach overhead and frequently reach in all other directions bilaterally. In terms of environmental limits, she must avoid more than occasional exposure to extreme cold, extreme heat, wetness, and humidity. [Brown] must avoid all exposure hazards, such as unprotected heights and moving mechanical parts. In terms of mental limits and to maintain a consistent pace, she is limited to low-stress work, which I define as requiring no greater than occasional decisions or judgments to be made, and no greater than occasional changes in a routine work setting. [Brown] must have no more than superficial exposure to the general public (with superficial being defined as limited solely for the purpose for task completion). She can work in close proximity to others, but with no more than occasional interaction with others and no tandem job tasks requiring cooperation with other workers to complete the task. [Brown] could work where supervisors occasionally interact with the worker throughout the day.

(R. 20.)

Based upon the testimony of a vocational expert ("VE"), the ALJ determined that Brown is unable to perform any past relevant work. (R. 24.) The VE also testified that an individual with Brown's age, education, work experience, and RFC could work as a marker, parts assembler, and a mail clerk. (R. 25.) In light of the testimony of the VE, the ALJ found that based upon Brown's age, education, work experience and RFC, she "is capable of making a successful adjustment to other work that exists in significant numbers

---

this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

in the national economy" and thus she was not disabled as defined by the Act. (R. 27.) Based on the foregoing, the ALJ concluded Brown had not been disabled from the alleged onset date through the date of the hearing decision and thus was not disabled under the Social Security Act. (R. 27.)

## V.     DISCUSSION

Brown presents two arguments in this appeal. First, she argues that substantial evidence does not support the ALJ's assessment of her subjective complaints. Second, she argues that substantial evidence does not support the ALJ's assessments of her mental impairments and the opinion of Dr. Robert L. Bare.

The Court addresses each issue in turn.

A.     Assessment of Subjective Complaints

Brown contends the ALJ's analysis of her subjective symptoms "was based on faulty assessments." (Doc. No. 12 at 6.) Brown asserts the ALJ's acknowledgment of her prescribed medication is deficient because the ALJ ignored that she was "scraping together whatever medications she could get" due to lack of insurance. (*Id*. at 7.) Brown also asserts the ALJ failed to acknowledge all of the restrictions of her daily activities. (*Id*. at 8.)

SSR 16-3p "provides guidance about how [the Social Security Administration] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. . . ." Soc. Sec. Ruling 16-3p, 82 Fed. Reg. 49462-03, 2017 WL 5180304 (Oct. 25, 2017). This ruling eliminates the use of the term "credibility" from the sub-regulatory policy and stresses that the ALJ "will not assess an individual's overall character or truthfulness" but instead will "focus on whether the evidence establishes a

8

medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the [ALJ's] evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities ...." *Id*. at 49463, 49467. "Whether before or after SSR 16–3p, an ALJ may choose to discredit a claimant's testimony about his or her symptoms." *Ring v. Berryhill*, 241 F. Supp. 3d 1235, 1252 (N.D. Ala. 2017), *aff'd sub nom*. *Ring v. Soc. Sec. Admin., Comm'r*, 728 F. App'x 966 (11th Cir. 2018) (per curiam).

When evaluating a claimant's symptoms, a two-step process must be used. *Contreras-Zambrano v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 700, 703 (11th Cir. 2018) (per curiam) (citing SSR 16-3p, 82 Fed. Reg. 49462-03 at 49463). At step one, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. SSR 16-3p, 82 Fed. Reg. 49462-03 at 49463-64. At step two, the ALJ must evaluate the intensity and persistence of the symptoms and determine the extent to which they limit the claimant's ability to perform work-related activities. *Id*. at 49464-66. In doing so, the ALJ must examine the entire case record, including the objective medical evidence; the claimant's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the case record. *Id*. at 49464. The ALJ also must consider the factors set forth in 20 C.F.R. § 404.1529(c)(3), including (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment

9

other than medication; (6) any measures the claimant used to relieve his pain or symptoms other than treatment; and (7) any other factors concerning the claimant's functional limitations and restrictions due to his pain or symptoms. *Id*. at 49465-66; *see* 20 C.F.R. § 404.1529(c)(3). The ALJ must examine the claimant's statements about the intensity, persistence, and limiting effects of symptoms in relation to all other evidence and consider whether they are consistent with the record as a whole. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018)[7] (per curiam) (citing SSR 16-3p, 81 Fed. Reg. 14166, 14170 (Mar. 16, 2016)); *see also* 20 C.F.R. § 404.1529(c)(4).

If the ALJ discredits a claimant's subjective testimony, she "must articulate explicit and adequate reasons for doing so or the record must be obvious" as to the finding. *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 832 (11th Cir. 2013) (per curiam) (citing *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)). When the ALJ's reasons for discrediting a claimant's statements about pain or other symptoms are clearly articulated and supported by substantial evidence in the record, a reviewing court will not disturb the ALJ's findings. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). "Where proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor to the Secretary's decision, the ALJ must either

---

[7] In *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), the Eleventh Circuit "articulated the 'pain standard,' which applies when a disability claimant attempts to establish a disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). This pain standard "is consistent with the parameters that SSR 16-3p sets forth." *Griffin v. Berryhill*, No. 4:15-cv-0974-JEO, 2017 WL 1164889, at *6 n.10 (N.D. Ala. March 29, 2017).

explicitly discredit such testimony or the implication from the ALJ's opinion must be so clear as to amount to a specific credibility finding." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024) (quoting *Foote*, 67 F.3d at 1562) (internal quotations omitted).

Here, in making the RFC finding, the ALJ summarized Brown's hearing testimony regarding her symptoms and noted Brown's physical restrictions self-reported on the Function Report. (R. 21.) The ALJ determined that "the allegations were not reasonably substantiated by the medical evidence of record to the extent to preclude all work activity or result in a disability." (R. 21.) In reaching this determination, the ALJ thoroughly discussed the limited medical evidence of record which spans two months in 2019 and three months in 2021. (R. 22-24.) The ALJ noted the 2019 and 2021 x-rays of Brown's knees which showed that she was assessed with bilateral osteoarthritis of the knees as well as obesity. (R. 21, 22.) The ALJ also noted Brown's 2021 records pertaining to her diffuse arthritis and decreased range of motion in her spine and stated that "the objective physical examination demonstrated evidence of tenderness to palpation in her cervical/lumbar spine and in her AC joints as well as crepitus in both knees." (R. 21.) The ALJ further noted that "the records revealed [Brown] was in no acute distress, as she ambulated with a normal gait without the use of any assistive device; sat comfortabl[y] through the exam; and spoke with normal conversational tones." (R. 21.) The ALJ observed that the x-rays of Brown's spine did not demonstrate any acute abnormalities. (R. 22.) The ALJ also observed the "lack of aggressive medical treatment" Brown has received as she has only been prescribed medications and has "not underwent any surgical treatment or ongoing hospitalizations due to her condition." (R. 21, 22.) The ALJ concluded, "[b]ased upon the evidence of record[,]

… [Brown] could reasonably expect to experience some degree of functional limitation due [to] her weight and limit[ed] the residual functional capacity to range of light work." (R. 22.)

As to Brown's mental impairments, the ALJ noted "there were few treatment records" and observed she "received treatment for depression while she presented for physical issues." (R. 22.) The ALJ observed Brown's depression screening showed that she suffered from moderate to severe depression, but none of her treating physicians precluded her from working. (R. 22.) The ALJ noted the records reflected Brown "did not possess any marked or extreme limitations in her ability to function from a mental standpoint." (R. 22.) The ALJ also discussed a mental evaluation of Brown, stating *inter alia* "[t]he mental evaluation took into account many subjective statements by [Brown], but overall, supports that she does minimally have severe mental impairments, which is consistent with the findings of DDS who indicated that she is mostly mild, but does have moderate impairment in social interaction." (R. 23.) Further, the ALJ considered Brown's description of her activities and lifestyle and determined that her subjective symptoms concerning her impact on her ability to work were not entirely persuasive. (R. 23.) The ALJ stated,

> [a]fter careful consideration of the evidence, the undersigned finds that [Brown's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Brown's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained ….

(R. 24.) The ALJ concluded that her RFC determination "is supported by the medical records and [Brown's] own description of her daily activities as well as the lack of aggressive medical treatment." (R. 24.)

After a review of the record, the Court finds that the ALJ sufficiently explained her reasoning for discrediting Brown's subjective complaints and symptoms. *See Herron v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 781, 786 (11th Cir. 2016) (finding the ALJ adequately explained her reasoning for discrediting the claimant's testimony when that testimony is not fully supported by the medical evidence, when the ALJ fully reviewed and summarized the claimant's medical history, and when the claimant's treating physician noted that the claimant's chronic low back pain was controlled by medication, and that claimant's pain and range of motion was relatively normal). First, although not dispositive, Brown's daily activities support the ALJ's conclusion that Brown's symptoms are not as limiting as alleged. *See* 20 C.F.R. § 416.929(c)(3). Second, the ALJ clearly articulated her credibility finding with substantial supporting record evidence. The evidence in the medical record shows that, despite Brown's reported inability to walk and complaints of severe pain all over her body,[8] she had a normal gait upon examinations, did not use an assistive device, was consistently prescribed medication for pain management, and was urged to lose weight to reduce her knee pain. (R. 415, 418, 420, 423, 440, 441, 445-447, 451.) Indeed, in an examination on January 30, 2021, the medical source noted that Brown

---

[8] Brown has reported complaints of pain in both shoulders, both arms, feet, lower back, hips and knees. (R. 415, 423, 438.)

"ambulated to the examination room with normal gait, sat comfortably through the exam, [and] spoke with normal conversational tones." (R. 417.) The March 5, 2021, x-ray of her spine showed "no acute radiographic abnormality[,]" and "no acute traumatic, congenital, inflammatory or neoplastic changes." (R. 429.) Based upon this medical evidence in the record, the Court finds no reason to disturb the ALJ's clearly articulated credibility finding that is supported by substantial evidence. *See Mitchell*, 771 F.3d at 782. Accordingly, the Court finds no reversible error regarding the ALJ's assessment of Brown's subjective symptoms.[9]

B.        Assessments of Mental Impairments and Opinion of Dr. Bare

Brown next contends the ALJ's analysis of her mental impairments suffers from "two significant flaws." (Doc. No. 12 at 9.) She argues the ALJ improperly stated that her depression was caused by two tubal pregnancies "without support from a health care

---

[9] Brown's argument that the ALJ ignored that she was "scraping together whatever medications she could get" due to lack of insurance is unavailing. (Doc. No. 12 at 7.) "[R]efusal to follow prescribed medical treatment without a good reason will preclude a finding of disability," and "poverty excuses noncompliance." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (citing *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988)).

> Nevertheless, if the claimant's failure to follow medical treatment is not one of the principal factors in the ALJ's decision, then the ALJ's failure to consider the claimant's ability to pay will not constitute reversible error. *See id*. (holding that ALJ's failure to consider claimant's ability to pay was not reversible error because the ALJ's decision primarily was based on factors other than the claimant's failure to obtain medical treatment).

*Brown v. Comm'r of Soc. Sec.*, 425 F. App'x 813, 817 (11th Cir. 2011) (citing *Ellison*, 355 F.3d at 1275). Here, there is no mention or finding by the ALJ that Brown failed to follow medical treatment or failed to obtain medical treatment, thus there is no evidence before the Court which supports a finding that this issue "play[ed] a major role in the ALJ's decision." *Id.* (citing *Ellison*, 355 F.3d at 1275). The Court finds no reversible error.

professional or relevant testimony." (*Id*. at 10.) She also argues that the ALJ did not make a "reasonable effort to give effect" to Dr. Bare's opinion that Brown would benefit from having her own workstation and taking regular breaks. (*Id*.)

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). "The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.' " *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. 2008) (per curiam); *see also* Social Security Ruling 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources). These opinions are referred to as "prior administrative medical findings." *See* 20 C.F.R. § 404.1513(a)(5).[10]

---

[10] According to the regulations,

> A prior administrative medical finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review (see § 404.900) in your current claim based on their review of the evidence in your case record, such as:
> (i) The existence and severity of your impairment(s);
> (ii) The existence and severity of your symptoms;
> (iii) Statements about whether your impairment(s) meets or medically equals any listing in the Listing of Impairments in Part 404, Subpart P, Appendix 1;
> (iv) Your residual functional capacity;
> (v) Whether your impairment(s) meets the duration requirement; and

The regulations direct the ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).

> When a medical source provides one or more medical opinions or prior administrative medical findings, [the ALJ] will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors [the ALJ] considers when … evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)….

20 C.F.R. § 404.1520c(a).[11]

In the hearing decision, the ALJ discussed the "few treatment records" pertaining to Brown's mental health and thoroughly summarized the records. (R. 22-23.) In the

---

> (vi) How failure to follow prescribed treatment (see § 404.1530) and drug addiction and alcoholism (see § 404.1535) relate to your claim.

20 C.F.R. § 404.1513.

[11] The regulations direct the ALJ to evaluate the persuasiveness of each medical source using the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization of the medical source, and (5) other factors. 20 C.F.R. § 404.1520c(1)(c). The ALJ must explain in her decision how she considered the factors of supportability and consistency in her determination of overall persuasiveness of each source.[11] 20 C.F.R. § 404.1520c(b)(2) ("[S]upportability ... and consistency ... are [t]he most important factors we consider when we determine how persuasive we find a medical source's opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or decision."). "When weighing medical opinion evidence, the ALJ considers many factors, including the examining relationship, the treatment relationship, whether an opinion is well-supported, and whether an opinion is consistent with the record." *Wines v. Acting Comm'r of Soc. Sec.*, No. 21-13606, 2022 WL 2526586, at *3 (11th Cir. July 7, 2022).

summary, the ALJ stated that the treatment records "revealed [Brown] experienced symptoms such as feeling down, feelings of hopelessness, difficulty sleeping, having little energy, poor appetite or overeating, and difficulty concentrating almost every day." (R. 22.) The ALJ also noted that Brown's "depression screening reflected that she was moderately to severely depressed after she underwent 2 tubal pregnancies." (R. 22.)

Brown's challenge to the ALJ's statement relating to her tubal pregnancies has merit but does not justify remand. As Brown correctly contends, there is no support in the medical record for the statement by the ALJ which implies that Brown's depression was caused or triggered by her tubal pregnancies. The medical evidence shows that Brown suffered from depression during the relevant period but there is no evidence showing a causal relation between her depression and the two tubal pregnancies she suffered many years prior, which happened to occur in two separate relationships. (R. 425.) Nevertheless, the Court further finds that this ostensibly inaccurate statement by the ALJ is harmless as Brown has not shown how this statement prejudiced her in the disability determination. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) ("Errors may be harmless if they do not prejudice the claimant.") (citation omitted); *Anderson v. Kijakazi*, No 1:20-cv-865-JTA, 2022 WL 3650619, at *4 (M.D. Ala. Aug. 24, 2022) (it is plaintiff's burden to show harmful error) (citation omitted). Consequently, remand is not warranted on that issue.

Brown's second argument suffers the same fate. Dr. Bare, a State agency psychological consultant, found in a Mental Residual Functional Capacity that Brown was either "not significantly limited" or "moderately limited" in all categories of mental

17

limitations. (R. 133-134.) When asked to explain Brown's sustained concentration and persistence limitations, Dr. Bare stated that Brown is able to "sustain attention and concentration for 2 hour periods at a time to complete a normal workday at an acceptable pace and schedule[;] [she] would benefit from her own workstation[;] [and she] may require regular, but not excessive work breaks." (R. 133.) In the hearing decision, the ALJ observed that "the DDS noted that [Brown] did not possess any marked or extreme limitations in her ability to function from a mental standpoint." (R. 22.) The ALJ repeated all of the findings of Dr. Bare and concluded that "[t]he opinion of the DDS pertaining [to Brown's] mental assessments are deemed mostly persuasive because it is consistent with [her] objective mental status examination, which described [her as] having no more than moderate limitations." (R. 22-23.)

Brown unconvincingly argues that the ALJ should have included an RFC limitation to no assembly work since Dr. Bare opined that Brown needed her own workstation and needed to work at an acceptable pace. (Doc. No. 12 at 11.) It is worth noting that the ALJ clearly incorporated the need for regular breaks in the RFC, but did not incorporate the workstation limitation. Regardless, no reversible error occurred as the regulations do not require the ALJ to adopt every part of a prior administrative medical finding in the RFC that she finds persuasive. *Rivera Misla v. Comm'r of Soc. Sec.*, No. 6:20-CV-1076-DCI, 2021 WL 2417084, at *2 (M.D. Fla. June 14, 2021) ("[A]n ALJ need not adopt every part of an opinion that the ALJ finds persuasive.") (citing 20 C.F.R. § 404.1520c(a)). Hence, Brown's second argument fails and remand is not warranted on that issue.

Finally, Brown has failed to satisfy her burden of demonstrating that the ALJ's RFC decision is not supported by substantial evidence. The ALJ's decision indicates that she considered the medical evidence of record regarding Brown's impairments, singly and in combination, in fashioning her RFC. The ALJ thoroughly summarized the medical record, including the conservative treatment of Brown's injuries; her complaints of ongoing pain; how she was not precluded from working by any of her medical sources; and the limited findings provided in her office visits. The ALJ also assessed how Brown's reported activities supported the RFC. Therefore, the Court concludes that substantial evidence in the medical record supports the ALJ's conclusion. Remand is not warranted in this case.

## VI.   CONCLUSION

For the reasons stated above, it is ORDERED as follows:

1. The claimant's motion for summary judgment (Doc. No. 12) is DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 15) is GRANTED.

3. The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 2nd day of February, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE